# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| In re PATRICK EUGENE LEE, | ) | Case No. 05-63159-WA4-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| MICHELE WOOD-LEE, | ) | Adv. No. 05-06088A |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PATRICK EUGENE LEE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## MEMORANDUM DECISION

This matter comes before the court on a motion for default judgment by Michele Wood-Lee ("the Plaintiff") in an action seeking a judgment declaring certain debts of Patrick Eugene Lee ("the Defendant") non-dischargeable under 11 U.S.C. § 523(a)(5)&(15).

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). This court may render a final order.

*Facts*

Accepting well-pleaded facts as true[1], and taking into consideration the exhibits filed by the Plaintiff, the court finds as follows. The parties entered into a separation agreement ("the Agreement") on September 15, 2004. The Agreement provides that the Defendant shall pay the Plaintiff the sum of $200.00 per month as spousal support for a period of 12 months beginning

---

[1] Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Fed. R. Civ. P. 8(d), as made applicable by Fed. R. Bankr. P. 7008.

on September 15, 2004.  The Agreement also provides that the Defendant would be responsible for the following debts:

1. Debt owed AMERICAN EXPRESS PLATINUM [Account number provided in the Agreement, but deleted herein] with a balance of approximately $18,500.00 to be paid at the rate of $700.00 per monthly until this account is paid in full.

2. Debt owed to the Plaintiff by the Defendant arising from one-half of the liability car insurance through September 15, 2004.

3. Debt owed to the Plaintiff as reimburse to Plaintiff for Defendant's one- half of the medical insurance ($61.00 per month), dental insurance ($2.75 per month), vision ($6.73 per month) and life insurance ($4.24 per month) carried on the Defendant by the Plaintiff through her place of employment from the date of separation through September 30, 2004.

4. Debt owed to the Plaintiff by the Defendant equal to one-half of the attorney fees paid by the Plaintiff to Ronnie P. King.

On August 24, 2005, the Defendant filed a chapter 7 petition.  On November 18, 2005, the Plaintiff filed the instant complaint.   The Plaintiff has not filed a proof of claim in this case.

*Discussion*

This matter comes before the court on a motion by the United States Trustee for default judgment.  When an application is made to the court under Rule 55(b)(2) for the entry of judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered.  10A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d  § 2685 (1998).  Also see Lau Ah Yew v. Dulles 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default

judgment is within the discretion of the court.")

When there is opposition, the plaintiff must establish each element by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279 (1991). When the defendant has not appeared, the plaintiff must still meet the burden of going forward. Cf. Peerless Industries v. Herrin Illinois Café, Inc. 593 F.Supp 1339, 1441 (E.D.Mo. 1984) ("In sum, Rule 55(b)(2) allows the court discretion to require proof of necessary facts to support a valid cause of action, and if such facts are lacking, the court can choose not to enter default judgment.").

The Plaintiff asserts that the above debt arising from the Agreement is non-dischargeable under 11 U.S.C. § 523(a)(5) or (a)(15). Section 523(a)(5) provides that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
> . . .
> > (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that–
> > . . .
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

The burden of coming forward with evidence is on the plaintiff. Tilley v. Jessee, 789 F.2d 1074, 1077 (4th Cir. 1986).

Because they arose pre-petition, the debts owed by the Defendant to the Plaintiff under Agreement, as listed in the facts above, are non-dischargeable under Section 523(a)(5), but only to the extent that they have not been paid. The pleadings do not contain any allegations regarding the amounts remaining due under the Agreement. Accordingly, this court may not enter a judgment in an amount certain.

The Plaintiff also seeks a judgment declaring one-half of her legal fees incurred in this

proceeding to be non-dischargeable. While the Agreement does provide for an award of fees for the enforcement of the agreement, the requested fees arose post-petition. As such they do not constitute a claim in this bankruptcy case and are not subject to discharge. If the Plaintiff wishes an order or judgment regarding the amount of those fees, she may seek such an order or judgment from the Caswell County, North Carolina, Court that issued the Agreement.

*Conclusion*

An appropriate order shall issue granting the motion for default judgment and an appropriate judgment shall issue resolving the issues raised in the Plaintiff's complaint.

Upon entry of this memorandum decision the Clerk shall forward copies to Luis A. Abreu, Esq., counsel for Michele Wood-Lee, and Michael P. Regan, Esq., counsel for Patrick Eugene Lee.

Entered on this 13th day of March, 2006.

_____
William E. Anderson
United States Bankruptcy Judge